FILED

**NOT FOR PUBLICATION**

JUN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEKSNDR PETRUK; HALYNA PETRUK,<br><br>  Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 12-74152<br><br>Agency Nos.   A098-263-872<br>              A098-263-873<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2015[**]
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and IKUTA, Circuit Judges.

Oleksndr Petruk (Mr. Petruk) and Halyna Petruk (Ms. Petruk) petition for review of the Board of Immigration Appeals' (BIA) decision. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioners are citizens of the Ukraine and members of the Church of Evangelist Christian Baptists, a minority religion in Ukraine. Forensic document analysis of Petitioners' immigration materials supports the BIA's finding that Petitioners entered the United States using fraudulent admission stamps and then attempted to gain permanent residency status using those same stamps. The BIA's conclusion that Petitioners' purported ignorance of the fraud was implausible was based on Mr. Petruk's education and previous experience with the United States visa application process, and did not rely on conjecture or speculation. Substantial evidence supports the BIA's finding that Petitioners are removable under 8 U.S.C. § 1182(a)(6)(C)(i) for knowingly attempting to procure an immigration benefit by fraud or wilful misrepresentation. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) ("We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." (quoting *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003))).

Substantial evidence also supports the BIA's adverse credibility finding, which served as the basis for the denial of Mr. Petruk's application for asylum and withholding of removal. The BIA's adverse credibility determination considered the totality of the circumstances and rested on "specific and cogent reasons" related

2

to Mr. Petruk's demeanor, evasiveness, numerous non-trivial inconsistencies in his testimony, and the reasonable rejection of the explanations Mr. Petruk provided for these inconsistencies. *Shrestha v. Holder*, 590 F.3d 1034, 1039–46 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1)(B)(iii). Without credible testimony, the documentary evidence in the record is insufficient to demonstrate Mr. Petruk suffered past persecution or has a well-founded fear of future persecution on account of his Baptist religion. *Shoafera v. I.N.S.*, 228 F.3d 1070, 1073–74 (9th Cir. 2000) (past persecution or a well-founded fear of future persecution is necessary element of asylum claim). Accordingly, substantial evidence supports the denial of Mr. Petruk's application for asylum and withholding of removal.[1] *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of CAT protection. Mr. Petruk's testimony was not credible, and the BIA concluded that the other evidence in the record did not support a finding that it is "more likely than not" Mr. Petruk will be tortured upon his return to Ukraine. *Almaghzar*, 457 F.3d at 922–23. The police and medical records, country condition reports, and other documentary evidence in the record do not compel a contrary conclusion.

---

[1]Ms. Petruk was listed as a derivative beneficiary on her husband's asylum, withholding of removal, and Convention Against Torture (CAT) applications.

Finally, the BIA did not abuse its discretion in denying Petitioners' motion to remand to the IJ. *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006). Mr. Petruk was given an opportunity to explain inconsistencies between his testimony and the medical records. Even if a corroborating medical opinion could have provided additional information about Mr. Petruk's injuries, it would not have affected the adverse credibility determination underpinning the BIA's denial of relief.

**PETITION DENIED.**